IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAREN J. MACDONALD,

    Plaintiff,

v.                Case No. 2:14-cv-02446-JTM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

**MEMORANDUM AND ORDER**

Before the court is plaintiff Karen MacDonald's motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). Dkt. 21. The Commissioner opposes the motion, arguing that the Commissioner's position in this litigation was substantially justified. Dkt. 23.

**I. Background**

Plaintiff applied for disability insurance benefits and supplemental security income benefits in August 2011, alleging a disability beginning February 27, 2011. A state agency and the Social Security Administration denied her applications initially and upon reconsideration. She then requested and received an evidentiary hearing before an Administrative Law Judge (ALJ).

Following a hearing, the ALJ issued a written decision on April 25, 2014, finding that plaintiff was not disabled within the meaning of the Social Security Act. The ALJ found that plaintiff had the following severe impairments: degenerative disc disease,

fibromyalgia, cubital tunnel syndrome, major depressive disorder, and anxiety. She determined that plaintiff's impairments did not meet or medically equal the impairments listed in the regulations. The ALJ determined that plaintiff retained the residual functional capacity (RFC) to perform light work with certain restrictions, including that she should never be expected to understand, remember or carry out detailed instructions; her job duties must be simple, repetitive, and routine in nature; and she should never be expected to exercise independent judgment in her job duties.

After finding that plaintiff was incapable of performing her past work, the ALJ relied on the testimony of a vocational expert (VE) to conclude that plaintiff could perform the job duties of a weight recorder, router, or folding machine operator, all as described in the Dictionary of Occupational Titles (DOT). The VE testified that her testimony was consistent with the DOT as supplemented by her education and experience. Dkt. 8-4 at 56-57. Plaintiff's counsel at the hearing asked no questions of the VE. The ALJ thus found that plaintiff was not disabled.

In this appeal, plaintiff raised several issues which the court ultimately rejected, but she raised one issue which the court found required a remand. The ALJ found that plaintiff could not be expected to understand or carry out detailed instructions, but the jobs identified by the vocational expert (and relied upon by the ALJ) required level 2 or 3 reasoning development under the General Educational Development (GED) standards of the DOT. Level 2 reasoning development as explained by the DOT includes an ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions," and level 3 requires an ability to understand and carry out

2

"instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." DOT, App. C. The jobs cited by the VE thus appeared to conflict with plaintiff's limitations. The court accordingly reversed the ALJ's decision and "remanded for further explanation regarding plaintiff's mental limitations at step five because of the conflict between the VE testimony and the DOT."

In its underlying response brief, the Commissioner had argued that plaintiff's position was "based on a misunderstanding of GED levels, which embrace the educational level required for a job rather than a job's duties." Dkt. 14 at 21. Citing the DOT, the Commissioner argued that GED, as a measurement of education, is distinct from a claimant's functional capacity, such that there was no conflict between plaintiff's RFC and a job requiring a reasoning development level of 2 or 3. The Commissioner also pointed out that plaintiff had previously worked at jobs requiring reasoning levels of 3 and 4, which allegedly showed that plaintiff could perform the jobs cited by the VE. Finally, the Commissioner sought to distinguish *Hackett v. Commissioner*, 395 F.3d 1168 (10th Cir. 2005), in which the Tenth Circuit noted an "apparent conflict" between a mental RFC limiting a claimant to "simple and routine work tasks" and a job requiring level 3 reasoning development. The Commissioner cited several cases, including two unpublished Tenth Circuit decisions, which she argued recognized that GED levels reflect an educational background rather than specific mental or skill requirements. Dkt. 14 at 23.

3

## II. Legal Standards

The EAJA requires a court to award fees and other expenses to a prevailing party in a suit against an agency of the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Goatcher v. Chater*, 57 F.3d 980, 981 (10th Cir. 1995). A plaintiff who obtains a sentence four remand under 42 U.S.C. § 405(g) is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).

The Commissioner bears the burden to show that her position was substantially justified. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "A position can be justified even though it is not correct, and . . . can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). "In determining whether the Commissioner's position was substantially justified, the court focuses on the issue(s) that led to remand—not the issue of disability." *Brooks v. Barnhart*, 2006 U.S. Dist. LEXIS 95143, at *2 (D. Kan. Sept. 25, 2006) (internal citations omitted). It remains, however, the burden of the party seeking the award to show that both the hourly rate and the number of hours expended is reasonable under the circumstances. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983); *see also Brooks*, 2006 U.S. Dist. LEXIS 95143, at *5.

## III. Discussion

After reviewing the record, the court concludes that the position of the United States in this matter was not substantially justified. While the Commissioner is certainly

4

correct that the DOT indicates a GED level is based upon general educational background rather than specific job duties, and it is therefore distinct from an RFC, the Commissioner nevertheless fails to show that her position is objectively reasonable in light of *Hackett v. Barnhart*, 395 F.3d 1168 (10th Cir. 2005). In *Hackett* the court found an apparent conflict between an RFC limitation to "simple and routine work tasks" and a job requiring a reasoning developmental level of 3. *Id.* at 1176. In the instant case, plaintiff's RFC provided she should "never be expected to understand, remember or carry out detailed instructions," but the jobs identified by the VE apparently required (at level 2) "understanding to carry out detailed but uninvolved written or oral instructions." *Hackett* has not been overruled or limited by the Tenth Circuit, and the Commissioner fails to offer an objectively reasonable basis for arguing that the same rule underlying *Hackett* would not require a remand in this case.

Plaintiff seeks an award of $6,750 in attorney fees. The request is supported by counsel's itemization showing 2.4 hours work in 2014 at an inflation-adjusted rate of $190.09 per hour and 35.3 hours of work in 2015 at an adjusted rate of $189.95, together with a voluntary reduction of $411. Dkt. 21 at 4.

### A. Hourly Rate

In EAJA cases, the hourly rate for attorney's fees is required by statute to be based upon prevailing market rates for the same kind and quality of work, and is capped at $125 per hour:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless

the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

This court has previously summarized the fundamental procedure for determining the reasonableness of a fee award under the EAJA:

By its terms, this provision establishes a two-step approach for arriving at the appropriate hourly rate.  First, the court must determine the prevailing market rate for similar services provided by lawyers "of reasonably comparable skill, experience, and reputation."  The burden rests with the fee applicant to establish by evidence the prevailing market rate relevant in this case."

*Masenthin v. Barnhart*, 2005 U.S. Dist. LEXIS 15916, at *4 (D. Kan. July 21, 2005) (internal citations omitted).

The court "is not required to award an hourly rate in excess of the statutory figure because of an increase in the cost of living, even where evidence of such is shown." *Masenthin*, 2005 U.S. Dist. LEXIS 15916, at *7 (citing *Headlee v. Bowen*, 869 F.2d 548, 551 (10th Cir.), *cert. denied*, 493 U.S. 979 (1989)).  "Rather, such an award rests within the discretion of the court."  *Id*. at *8.

The Commissioner has not objected to counsel's proposed rates and the court concludes that they are reasonable. The inflation-adjusted rates are consistent with other recent awards in this district. *See Bruce v. Colvin*, 2015 WL 7078939 (D. Kan., Nov. 13, 2015). The court therefore awards a rate of $189.95 per hour for work in 2015 and $190.09 per hour for work in 2014.

### B.    Expenditure of time

Plaintiff requests an award for approximately 35.5 hours work.

> In awarding fees under the EAJA, courts have a special responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve the favorable result. The Tenth Circuit recognizes that attorneys typically do not bill a client for every hour expended in litigation, and they should exercise billing judgment regarding the amount of hours actually billed. To show appropriate billing judgment, an attorney should make a good-faith effort to exclude those hours from the request that are excessive, redundant, or otherwise unnecessary. The Court has a corresponding obligation to exclude hours not reasonably expended from the calculation.

*Romero v. Colvin*, 2014 U.S. Dist. LEXIS 94448, at *11 (D.N.M. Mar. 20, 2014) (internal quotations and citations omitted). That being said, courts in this district generally abide by the rule of thumb that "the typical EAJA fee application in social security cases is between 30 and 40 hours." *Chisolm v. Astrue*, 2015 U.S. Dist. LEXIS 13599, at *2 (D. Kan. Feb. 5, 2015).

The court has reviewed counsel's detailed itemization (Dkt. 21, at 3-4) and finds that the amount of time documented was reasonably necessary to accomplish the tasks listed. Plaintiff shall therefore be awarded fees for 35.5 hours of work which includes approximately .24 hours performed at an hourly rate of $190.09 and 35.3 hours performed at an hourly rate of $189.95, or a total award of $6,750.

As the Commissioner points out, the award must be made payable to plaintiff as the prevailing party, rather than to her counsel. Dkt. 23 at 4, n.1.

**IT IS THEREFORE ORDERED** this 5th day of January, 2016, that plaintiff's Motion for Attorney Fees (Dkt. 21) is hereby GRANTED in the amount of $6,750.

_____s/ J. Thomas Marten\_\_\_\_
J. THOMAS MARTEN, JUDGE